UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMY M. BAILEY | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) No. 1:20-cv-00042-JAW |
| LOUIS DEJOY, Postmaster General of The United States Postal Service | ) ) ) ) ) |
|     Defendant. | ) ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On February 6, 2020, Amy M. Bailey filed a pro se complaint asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq., against Louis DeJoy, Postmaster General of the United States,[1] arising from her tenure as an employee of the United States Postal Service (USPS). *Compl.* (ECF No. 1). On December 18, 2020, the Postmaster General moved to dismiss Ms. Bailey's ADA claim for lack of subject matter jurisdiction, arguing that under 42 U.S.C. § 12111(5)(B) the United States is exempt from the ADA. *Def.'s Partial Mot. to Dismiss* at 2 (ECF No. 29) (*Def.'s Mot.*). The Postmaster General did not move to dismiss Ms. Bailey's Rehabilitation Act claim. *Id.*

---

[1] Ms. Bailey's Complaint named then-Postmaster General Megan J. Brennan as the Defendant. *Compl.* at 1. However, on September 10, 2020, Ms. Bailey moved to amend her Complaint to substitute as the Defendant Louis DeJoy, who became Postmaster General in June of 2020. *Mot. to Extend Time to Provide Correct Address of Defendant and to Amend Compl.* (ECF No. 17). That same day, the Magistrate Judge granted Ms. Bailey's motion. *Order* (ECF No. 19); *see* FED. R. CIV. P. 25(d). The Court refers to the Defendant as Postmaster General DeJoy.

On January 8, 2021, Ms. Bailey responded in opposition to the Postmaster General's motion to dismiss, averred she had only "a rudimentary understanding of the federal procedures," and sought to "correct the errors that may have occurred in filing the Civil Cover Sheet." *Pl.'s Resp. to Def.'s Partial Mot. to Dismiss* at 1 (ECF No. 32) (*Pl.'s Opp'n*). To that end, she filed an amended civil cover sheet and an attachment citing the legal provisions on which her various claims rely. *Civil Cover Sheet* (ECF No. 33); *id.*, Attach. 1, *Attach. To Civil Cover Sheet to correct Procedure 12(b)(1)* (*Cover Sheet Attach.*) In these filings, Ms. Bailey purported to clarify that her claims arise under: (1) the Rehabilitation Act; (2) the ADA; (3) Title VII; (4) the Service Contract Act (SCA); (5) the whistleblower protection provisions of the Fair Labor Standards Act (FLSA); (6) the Federal Tort Claims Act (FTCA); (7) the Privacy Act of 1974; (8) The Javits-Wagner-O'Day Act; (9) the Architectural Barriers Act (ABA); (10) the Contract Disputes Act; (11) the Notification and Federal Employee Antidiscrimination and Retaliation Act ("No Fear Act"); and (12) the Fourteenth Amendment to the United States Constitution. *Cover Sheet Attach.*; *Pl.'s Opp'n* ¶¶ 3-58.

On January 21, 2021, the Postmaster General replied. *Def.'s Reply in Supp. of Def.'s Partial Mot. to Dismiss* (ECF No. 36) (*Def.'s Reply*). First, the Postmaster General argued that Ms. Bailey's response failed to address the lack of subject matter jurisdiction over an ADA claim against the United States. *Id.* at 1. Second, the Postmaster General submitted that the Court should "reject all of [Ms. Bailey]'s

newly added causes of action for lack of subject matter [jurisdiction] pursuant to Rule 12(b)(1) and/or failure to state a claim pursuant to Rule 12(b)(6)." *Id.* at 7.

On February 26, 2021 the Magistrate Judge issued a recommended decision on the Postmaster General's motion to dismiss. *Recommended Decision on Def.'s Mot. to Dismiss* (ECF No. 37) (*Recommended Decision*). The Magistrate Judge recommended that the Court grant the Postmaster General's motion to dismiss as to Ms. Bailey's claims under the ADA, SCA, ABA, No Fear Act, FLSA, Title VII, FTCA, Javits-Wagner-O'Day Act, Contract Disputes Act, and the Fourteenth Amendment. *Id.* at 9-19. However, the Magistrate Judge recommended that the Court deny the Postmaster General's motion to dismiss as to Ms. Bailey's claim under the Privacy Act of 1974. *Id.* at 16-17. Neither the Postmaster General nor Ms. Bailey objected to the Recommended Decision.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge in full, for the reasons set forth in his Recommended Decision.

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 37).

2. The Court <u>GRANTS</u> in part and <u>DENIES</u> in part the Postmaster General's Partial Motion to Dismiss (ECF No. 29). The Court <u>DENIES</u> the motion insofar as it requests dismissal of Ms. Bailey's claims under the Privacy Act of 1974. The Court <u>GRANTS</u> the motion insofar as it requests dismissal of Ms. Bailey's claims under the Americans with Disabilities Act or the various federal statutes Ms. Bailey references in her Response to the Defendant's Partial Motion to Dismiss (ECF No. 32).

>Because the Postmaster General did not move to dismiss Ms. Bailey's claim under the Rehabilitation Act, that claim remains pending.

3. The Court <u>DISMISSES</u> all Counts of Amy Bailey's Complaint (ECF No. 1), as amended by her Motion to Extend Time to Provide Correct Address of Defendant and to Amend Complaint (ECF No. 17) and her Response to the Defendant's Partial Motion to Dismiss (ECF No. 32), except to the extent she has asserted claims under the Rehabilitation Act and the Privacy Act of 1974.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2021