UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMY BAILEY, )<br>        Plaintiff, )<br>                            )<br>           v.                      )<br>                            )<br>LOUIS DEJOY, Postmaster General )<br>of the United States Postal Service )<br>                            )<br>        Defendant. ) | No. 1:20-cv-00042-JAW |

**ORDER ON MOTION FOR RECONSIDERATION**

A plaintiff bringing claims of disability discrimination and related retaliation against the United States Postal Service sought to amend her complaint to add a Title VII sex discrimination claim and a "Performance Rating Act of 1950" claim. The Court denied her request because she had not met the applicable "good cause" standard to amend under Federal Rule of Civil Procedure 16(b) and her proposed claims were futile on the merits. The Court now denies the plaintiff's motion for reconsideration of its order denying leave to amend because she failed to demonstrate that the order contains a manifest error of law or fact and that her proposed amendments are not futile.

**I.   BACKGROUND**[1]

On February 6, 2020, after the Equal Employment Opportunity Commission (EEOC) entered summary judgment against her, Amy M. Bailey filed a pro se

---

[1] The Court set out a comprehensive factual and procedural background in its January 13, 2022, Order, *see Order on Pending Mots. to Amend* at 1-9 (ECF No. 71), and only recounts the relevant procedural history here.

complaint in this Court asserting employment discrimination claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq., against the Postmaster General. *Compl.* at 1-13 (ECF No. 1).

On March 25, 2021, the Court granted in part and denied in part the Postmaster General's partial motion to dismiss, dismissing all counts of Ms. Bailey's Amended Complaint except for those under the Rehabilitation Act and the Privacy Act of 1974. *Order Affirming the Recommended Decision of the Magistrate Judge* at 3-4 (ECF No. 40); *see also Recommended Decision on Def.'s Mot. to Dismiss* (ECF No. 37) (*Recommended Decision*).

On July 28, 2021, Ms. Bailey filed a motion for leave to file an amended complaint but failed to attach her proposed amended complaint. *Mot. to Amend Compl. with Proposed Amendment Separate* (ECF No. 52) (*Pl.'s First Mot.*); *id.*, Attach. 1, *Mem. in Supp. of Pl.'s Proposed Mot. for Leave to File Am. Compl.* (*Pl.'s First Mem.*). On August 6, 2020, the Court granted Ms. Bailey leave to file her proposed amended complaint by August 9, 2021. *Pl.'s Req. for Continuance* (ECF No. 58); *Order* (ECF No. 59).

On August 9, 2021, Ms. Bailey filed a second motion for leave to file an amended complaint but again failed to attach a proposed amended complaint. *Pl.'s Mot. for Leave to File Am. Compl.* (ECF No. 60) (*Pl.'s Second Mot.*). On August 13, 2021, Ms. Bailey filed her third and final motion for leave to file an amended complaint. *Pl.'s Mot. for Leave to File Am. Compl.* (ECF No. 62) (*Pl.'s Third Mot.*).

This time she filed her proposed amended complaint. *Id.*, Attach. 3, *Proposed 3rd Am. Compl.* (*Proposed Am. Compl.*). With her proposed third amended complaint, Ms. Bailey sought to add two claims: (1) a sex discrimination claim pursuant to 42 U.S.C. § 2000e-16, under Title VII of the Civil Rights Act of 1964, and (2) a claim regarding her performance review and dismissal arising under the Performance Rating Act of 1950. *Proposed Am. Compl.* at 2.

On January 13, 2022, the Court denied Ms. Bailey's request to amend her complaint. *Order on Pending Mots. to Amend* (ECF No. 71) (*January 13 Order*). On January 27, 2022, Ms. Bailey filed a motion objecting to the Court's January 13 Order. *Pl.'s Resp. to Order on Pending Mot. to Amend* (ECF No. 72) (*Pl.'s Mot.*)[2]. The Postmaster General responded to Ms. Bailey's motion on February 9, 2022. *Def.'s Resp. to Pl.'s Obj. to Order Denying Pl.'s Pending Mots. to Amend (ECF No. 72)* (ECF No. 74) (*Defs.' Resp.*).

## II.   THE PARTIES' POSITIONS

### A.   Amy Bailey's Objections

#### 1.   Good Cause to Amend

Challenging the Court's finding that she did not meet the Federal Rule of Civil Procedure 16 standard to amend her complaint, Ms. Bailey maintains that "a severe disability, particularly mental illness" constitutes good cause to excuse her delay in bringing new claims. *Pl.'s Mot.* at 1. She argues that as a pro se party with a memory

---

[2]   The Court has treated Ms. Bailey's response as a motion for reconsideration because that is the closest procedural vehicle recognized by the District of Maine Local Rules for a filing such as the one Ms. Bailey made. *See* D. ME. LOC. R. 7(f).

3

condition she "cannot be held to the same standard as someone without the same limitations" and that the Court "cannot make an assumption that an individual such as [her]self with a memory based disability, should have known information to which was not know[n] or retained." *Id.* at 2.

Ms. Bailey maintains that her EEOC attorney was negligent, and that "the idea that [she] never alleged the [sex] discrimination is not true." *Id.* at 9. She submits that she "did not have access to the information to the best of [her] knowledge and needed the physical proof" before bringing new allegations. *Id.* Ms. Bailey says when she "was told [she] had the right to sue in court [she] assumed that [she] could sue on any 'new' evidence found in discovery" and that "[d]iligence in this case is being applied unfairly and [is] overburdensome to a pro se litigant with severe memory problems." *Id.*

Ms. Bailey further instructs that "NO rule supersedes the Constitution and . . . [that] the Court and court officers are infringing on [her] ability to petition the Government for redress of grievances." *Id.* at 1. Citing *Marbury v. Madison*, 5 U.S. 137 (1803), Ms. Bailey submits that the Federal Rules of Civil Procedure "cannot hold more weight and measure than [her] First Amendment Right." *Id.* at 2-3.

### 2. The Underlying Facts

Ms. Bailey takes issue with the Court's recitation of the facts in its January 13 Order. *Id.* at 4. She clarifies that "when [she] originally made the complaint [she] mentioned that it was not just a co-worker but a male co-worker [who received training that she says she was denied], which is important in the context of events."

4

*Id.* She elaborates on the excuses that her night manager and supervisor gave her when she told them she wanted to fill out an accident report and says that her supervisor refused to assist her. *Id.* Ms. Bailey says "[t]he union representative questioned the night supervisor why it was more important to 'get coffee' then fill out the accident report." *Id.*

She goes on to distinguish between "two distinct incidents" underlying her discrimination and retaliation claims. *Id.* at 5. Ms. Bailey says that in the first incident, her supervisor told her if she filed an injury report "[she] may be fired or not rehireable." *Id.* She says the second incident occurred during her performance review when her supervisor mentioned "he heard [she] was talking with the union," and "refused to give [her] the copy [of the performance review form] marked employee copy." *Id.* at 5. Ms. Bailey also offers more detail surrounding the events on her "Dec[ember] 28, 2017 paycheck day and day off" when "she informed [USPS that she] had filed a grievance, and called and made a report of discrimination with the EEOC line, then received [a] second call less than an hour after leaving [the] personnel office to be told [she] was terminated and the female manager specifically mention[ed] Brandon [Pinkham, her supervisor] was the person who ordered [her] dismissal." *Id.* Ms. Bailey notes that this occurred "only two days after the performance review not three." *Id.*

### 3. Allegations of Fraud and Misconduct

Ms. Bailey goes on to dispute the Court's characterization of her fraud, concealment, and obstruction allegations against the USPS. She says "it is not justice

5

to know false affidavits were given" by her supervisor Mr. Pinkham, alleging "prosecutorial misconduct" in connection with an "unjust and premature" EEOC ruling. *Id.* at 6-7. She asserts that "before [her] attorney dropped the case . . . discovery was not complete," that the USPS misled the EEOC judge about her attorney's attempt to arrange mediation, and that "the [EEOC] judge ruled and closed the case without looking at the evidence at all and taking the words of management over [her] account of the events." *Id.* at 6. Ms. Bailey maintains that "[i]f the EEOC did find the [grievance] document they would have had to side with me as that is protected activity, which shows no evaluation of any discovery was made for the finding of the EEOC." *Id.* She goes on to list examples of prosecutorial misconduct and emphasize the EEOC's own definition of "protected activity" and "retaliation." *Id.* at 7-8.

Ms. Bailey concludes by urging the Court to "unbar this claim [as] it is not futile." *Id.* at 10. She says the defense "is claiming . . . that procedure trumps [her] First Amendment rights," that the "USPS has used deceit in it[s] actions from the beginning and through these proceedings," and that the Court "is penalizing the victim and restricting rights it has no grounds to restrict." *Id.*

    **B.**    **The Postmaster General's Response**

The Postmaster General submits that "[w]hether viewed as a reconsideration request under Local Rule 7 or FRCP 54(b), [Ms. Bailey]'s response does not establish a manifest error of fact or law, or any other reason that warrants reversal of the January 13, 2022 Order." *Def.'s Resp.* at 6. After recounting the multiple grounds on

6

which the Court denied Ms. Bailey's motions to amend, the Postmaster General addresses each of her objections in turn.

### 1.  Good Cause to Amend

First, regarding Ms. Bailey's emphasis on her disability and pro se status, the Postmaster General points out that she "previously raised this argument in her motions to amend," that the Court explicitly addressed it in its January 13 Order, and that the Court granted Ms. Bailey multiple opportunities to file an amended complaint. *Id.* at 7. The Postmaster General maintains that even if Ms. Bailey could rely on her pro se status to meet the good cause standard, her proposed amendments are futile. *Id.*

Second, the Postmaster General argues that, despite Ms. Bailey's insistence to the contrary, "[d]isagreement with a court's order does not amount to a Petition Clause violation" of her First Amendment rights. *Id.* at 8. He submits that "[t]o the extent [Ms. Bailey] is also claiming that Title VII and/or the CSRA's exhaustion requirements should be excused based on [the] Petition Clause . . . [those] requirements are well established and have repeatedly been enforced and upheld by the First Circuit (and other circuits)." *Id.* The Postmaster General says that Ms. Bailey "offers no new facts that establish either (1) that she exhausted either [proposed] claim administratively or (2) that exhaustion should be excused," particularly as she did invoke administrative remedies with her EEO complaint. *Id.* The Postmaster General concludes that Ms. Bailey "now seeks a different outcome of those claims in federal court" by relying upon the allegedly concealed grievance form.

7

*Id.* at 9. However, he says that, as previously argued, "this document relates solely to [Ms. Bailey]'s safety concerns" and does not support a finding of good cause or an equitable exception to the applicable administrative exhaustion requirements. *Id.* at 9.

### 2. The Underlying Facts

Third, the Postmaster General says that Ms. Bailey's factual corrections to the Court's January 13 Order fail to "demonstrate that reconsideration is warranted." *Id.* Ms. Bailey's "first correction does not add new facts," her second through sixth "do not demonstrate a manifest factual error by the Court," and the "seventh correction is the same argument raised in [Ms. Bailey]'s prior filings" and is moreover "unsupported by the record." *Id.* at 9-10.

### 3. Allegations of Fraud and Misconduct

Fourth, as to Ms. Bailey's insistence that the Postmaster General improperly withheld her grievance form and that "evidence of sex-related discrimination would have been uncovered before the EEOC but-for misconduct on the part of her attorney," the Postmaster General says that "[t]his argument has been fully considered and dismissed by the Court already." *Id.* at 10. He notes that the grievance document "featured prominently" in Ms. Bailey's motions to amend and in the Court's January 13 Order, and regardless, the grievance form only addresses Ms. Bailey's "safety concerns, with no reference to [her] sex, disability, or any perceived sex- or disability-based discrimination." *Id.* The Postmaster General quotes Ms. Bailey's discussion of her protected activity to argue that her objection "further

8

reinforces that the grievance document relates solely to [her] safety concerns." *Id.* at 3 n.2. The Postmaster General concludes by asking the Court to "(1) deny Plaintiff's reconsideration request of the January 13, 2022 Order; (2) sustain the January 13, 2022 Order; and (3) reset the deadlines for Defendant's motion for summary judgment." *Id.*

### III. LEGAL STANDARD

Ms. Bailey's response does not identify under what rule she seeks relief from the Court's January 13 Order and "[t]he Federal Rules of Civil Procedure do not. . . specifically provide for the filing of motions for reconsideration." *Cent. Produce El Jibarito v. Luna Commer. Corp.*, 880 F. Supp. 2d 282, 284 (D.P.R. 2012) (quoting *Sanchez-Perez v. Sanchez-Gonzalez*, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010)).

Ms. Bailey's motion cannot be brought under either Federal Rules of Civil Procedure 59(e) or 60 because the January 13 Order was not a final judgment. *See Barrows v. Resolution Trust Corp.*, 39 F.3d 1166, at *3 (1st Cir. 1994) (table opinion) (Rule 59(e) "applies only to final judgments"); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 874 (1st Cir. 1990) ("Rule 60 applies only to final judgments"). The January 13 Order did not resolve all the claims by all the parties in this suit and the Court has not directed entry of a final judgment on any claims pursuant to Federal Rule of Civil Procedure 54(b). *See Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotation marks omitted)); *Guillemard-Ginorio v. Contreras-*

*Gomez*, 490 F.3d 31, 37 n.4 (1st Cir. 2007) (acknowledging that, absent certification under Federal Rule of Civil Procedure 54, an order granting partial summary judgment does not satisfy the requirements for appellate jurisdiction"); *Widi v. McNeil*, No. 2:12-cv-00188-JAW, 2014 U.S. Dist. LEXIS 142267, at *14-15 (D. Me. Oct. 7, 2014).

Ms. Bailey's objections thus fall under the District of Maine's Local Rule 7(f), which allows for the filing of a motion for reconsideration of "an interlocutory order of the Court, meaning a motion other than one governed by [Federal Rules of Civil Procedure] 59 or 60." The objecting party must show that "the order was based on a manifest error of fact or law." D. ME. LOC. R. 7(f). A motion for reconsideration may present newly discovered evidence; "however, the standard for newly discovered evidence is that the evidence be not only new to the litigant but not previously available." *Murphy v. Corizon*, No. 1:12-cv-00101-JAW, 2012 U.S. Dist. LEXIS 152731, at *7 (D. Me. Oct. 24, 2012); *see Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Fabrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012) (quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997)).

Alternatively, pursuant to Federal Rule of Civil Procedure 54(b), an interlocutory order "is subject to reopening at the discretion of the district judge,"

10

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 n.14 (1983), but "as a rule courts should be loathe to [revisit a prior decision in a case] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 817 (1998) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). Courts in this Circuit have considered whether the movant demonstrates "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

## IV. DISCUSSION

To succeed on her motion, Ms. Bailey must show, under Local Rule 7(f), that the Court's January 13, 2022, Order was "based on a manifest error of fact or law" or that the Court should revisit its prior ruling pursuant to Rule 54(b). The First Circuit has cautioned that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer*, 465 F.3d at 30 (quoting 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)). A party cannot rely on new arguments that could have been made previously or on reassertions of previously rejected arguments. *See Soto-Padró v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012); *see also Palmer*, 465 F.3d at 30 ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected").

### A. The Court's January 13, 2022, Order

In its January 13, 2022, Order, the Court concluded that Ms. Bailey had not established good cause to amend her complaint to add a sex-discrimination claim under Title VII or a claim under the "Performance Rating Act of 1950." *January 13 Order* at 28-38. Ms. Bailey failed to raise any sex-related allegations before the EEOC to exhaust her Title VII administrative remedies, and her proposed claim was not reasonably related to the allegations she raised before the EEOC, nor was the delay excused based on new discovery revelations. *Id.* at 33-36. She also failed to establish good cause to add a "Performance Rating Act of 1950" claim because, as a short-term casual USPS worker, she did not fall within the category of workers protected by the modern equivalent of that Act, Chapter 43 of the Civil Service Reform Act of 1978 (CSRA). *Id.* at 37. Moreover, Chapter 43 requires exhaustion of administrative remedies as a jurisdictional prerequisite to suit so as to bar Ms. Bailey from raising performance review related claims for the first time before this Court, even if she could qualify for relief. *Id.* at 37-38.

### B. Amy Bailey's Cause to Amend

First, the Court already considered Ms. Bailey's argument that her "severe disability" and pro se status provide good cause under the Rule 16 standard. *See Feliciano-Hernández*, 663 F.3d at 537 (concluding the district court acted within its discretion in "refusing to reconsider arguments that the plaintiff had already made or to consider new arguments that he could have made earlier"); *January 13 Order* at 31-32. Her disability is not a disputed or new fact and does not provide a new basis

12

for the Court to revisit its conclusions in the January 13 Order. The Court gave Ms. Bailey multiple opportunities to file her proposed amended complaint and accounted for her unrepresented status and disability in assessing her filings. The Court continues to be sympathetic to the inherent challenges for pro se parties such as Ms. Bailey, "[h]owever, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Ms. Bailey invokes her First Amendment right to petition the government for redress of grievances, arguing that the Constitution trumps Rule 16 and administrative exhaustion requirements. However, as the Postmaster General points out, a party's disagreement with a court order does not amount to a Petition Clause violation. *See Smith v. Ark. State Highway Emp., Loc. 1315*, 441 U.S. 463, 464 (1979) (per curiam) (the Petition Clause guarantees only that an individual may "speak freely and petition openly" and that she will be free from retaliation by the Government for doing so).

### C. The Underlying Facts

Ms. Bailey disputes the recitation of the facts in the Court's January 13, 2022, Order, which the Court drew from her original complaint and various exhibits. Additionally, in view of Ms. Bailey's pro se status, the Court granted her multiple opportunities to file an amended complaint, construed her complaint and proposed new claims liberally, and examined her first two attempts at filing an amended complaint to understand the nature and basis of her claims. *See Waterman v. White*

13

*Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 U.S. Dist. LEXIS 191506, at *4 (D. Me. Nov. 5, 2019) (stating that a court must construe a self-represented plaintiff's complaint "liberally" and hold it "to less stringent standards than formal pleadings drafted by lawyers," and that "the court may consider other filings by a self-represented plaintiff . . . to understand the nature and basis of his claims" (internal quotation marks and citations omitted)); *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003) (same).

Even accepting Ms. Bailey's factual corrections and clarifications, they do not undermine the Court's basis for denying her motions to amend her complaint. Having found that Ms. Bailey lacked good cause to amend, *see January 13 Order* at 29-32, the Court's analysis centered on the futility of Ms. Bailey's proposed Title VII and Performance Rating Act claims even if she could meet the good cause standard. In particular, the Court found that Ms. Bailey failed to raise any sex-related allegations before the EEOC and that she is categorically ineligible for relief under the CSRA. *See id.* at 32-38. The additional details alleged in Ms. Bailey's motion, surrounding her filing of an accident report and the timeline for her performance review and termination, do not alter the Court's conclusion that Ms. Bailey failed to raise any sex-related allegations before the EEOC and that therefore she has not met administrative exhaustion requirements, nor do these corrections or new facts alter the conclusion that Ms. Bailey is ineligible for CSRA relief. For example, Ms. Bailey's clarification that her termination occurred "only two days after the performance review, not three" does not change the fact that she did not complete one year of

14

current continuous employment with the USPS to qualify for CSRA relief. *Pl.'s Mot.* at 5; *see* 5 U.S.C. § 4303 (f)(3).

Furthermore, any information Ms. Bailey asserts in her motion for reconsideration that was previously available but not presented to the Court does not provide a proper basis to grant a motion for reconsideration. It is well established in the First Circuit that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Murphy*, 2012 U.S. Dist. LEXIS 152731, at *7 (quoting *Fabrica de Muebles J.J. Álvarez*, 682 F.3d at 31). Finally, many of "[t]he factual allegations that [Ms. Bailey] argues were not considered [in the January 13 Order] are either legal conclusions couched as facts or are facts that the court did indeed include in its opinion." *Feliciano-Hernández v. Pereira-Castillo*, 663 F.3d 527, 537 (1st Cir. 2011).

### D.  Allegations of Fraud and Misconduct

Ms. Bailey's recitation of arguments raised in prior filings does not provide an appropriate basis for granting her motion for reconsideration. In her motion, Ms. Bailey continues to allege fraud and misconduct on the part of the EEOC, her EEOC attorney, defense counsel, and the USPS. Ms. Bailey "may not repeatedly return to the district court in an effort to convince the [district] court by repetition what she failed to convince the Court initially." *Murphy*, 2012 U.S. Dist. LEXIS 152731, at *8-9.

Ms. Bailey continues to urge the Court that fraud and unfair treatment before the EEOC and during this litigation provides good cause to amend. In its January 13 Order the Court addressed Ms. Bailey's argument that "[w]ere it not for willful inaction, fraudulent statements, and officials at USPS cover[ing] up the actions of management; EEO[C] would have further investigat[ed] the matter," as well as her allegations of "knowing concealment," fraud, and obstruction on the part of the USPS in defending this action. *See Pl.'s Second Mot.* at 2-3; *January 13 Order* at 9, 11, 23, 25.

In particular, the Court discussed how the grievance form, which Ms. Bailey maintains was intentionally withheld but would have supported her Title VI claim, does not suggest sex discrimination or retaliation. *January 13 Order* at 30-31. The Court pointed out that, although Ms. Bailey still says that she only discovered the grievance form in June of 2021, she was shown and questioned about the form during her March 2021 deposition. *Id.* The Court also noted that, even if the grievance form could lend support to her proposed claims, Ms. Bailey delayed approximately two months after she says she learned of it before filing a motion to amend, which did not meet the "good cause" standard. *Id.* at 30.

Ms. Bailey "reargue[es] theories previously advanced and rejected" without addressing the specific grounds on which the Court denied her requests to amend or demonstrating why the Court should invoke the "extraordinary remedy" of revisiting its January 13 Order. *See Palmer*, 465 F.3d at 29-30. Beyond repeating information and arguments already before the Court, Ms. Bailey does not offer specific arguments

16

or facts to address why she believes the Court improperly denied her motions to amend, and thus fails to demonstrate that the Court made a manifest error of law or fact.

### E. Administrative Exhaustion Requirements

Finally, Ms. Bailey's motion does not address the Court's finding that even if she could meet the good cause standard for leave to amend, her proposed amendments are futile. *See Fannie Mae v. Wilson*, No. 2:18-cv-00366-JAW, 2019 U.S. Dist. LEXIS 72293, *7 (D. Me. Apr. 30, 2019) ("The Court must deny a motion to amend as futile if the 'complaint, as amended, could not withstand a motion to dismiss'" (quoting *Shannon v. Houlton Band of Maliseet Indians*, 54 F. Supp. 2d 35, 38 (D. Me. 1999))).

As to Ms. Bailey's argument that the Court unfairly invoked administrative exhaustion to bar her claims, the First Circuit and this Court routinely enforce these requirements. *See Rodriguez v. United States*, 852 F.3d 67, 82-83 (1st Cir. 2017) (explaining that the CSRA "provides the exclusive mechanism for challenging adverse personnel actions in federal employment," and petitioners "generally may not pursue alternative routes of judicial review" before invoking its framework); *Franceschi v. United States VA*, 514 F.3d 81, 85 (1st Cir. 2008) ("Before an employee may sue in federal court on a Title VII claim, [s]he must first exhaust administrative remedies" (citing *Love v. Pullman Co.*, 404 U.S. 522, 523 (1973)).

Administrative review frameworks, which Ms. Bailey did invoke by initiating EEOC proceedings with the assistance of counsel, are not designed to silence

potential claimants or prevent them from bringing grievances before this Court. As the Postmaster General correctly points out, these requirements "merely put in place a condition precedent to filing suit that can be equitably excused in certain limited circumstances." *Def.'s Resp.* at 8. Neither in her original motions to amend nor in her motion for reconsideration does Ms. Bailey offer new facts or invoke a specific exception to either allege that she did fully exhaust her administrative remedies or demonstrate why her "failure to exhaust this administrative process [should not] 'bar[] the courthouse door'" to her proposed amendments. *Franceschi*, 514 F.3d at 85 (quoting *Bonilla v. Meubles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999)). The Court considered and addressed the safety-related grievance form that Ms. Bailey continues to argue provided information that was missing from the EEOC record. *See January 13 Order* at 33-35. Ms. Bailey's disagreement with the EEOC's process and outcome does not provide a basis for her to bring new allegations now, distinct from what she alleged in her administrative proceedings.

Ms. Bailey has not demonstrated that reconsideration of the Court's January 13 Order denying her leave to amend her complaint to add sex discrimination and Performance Rating Act claims is warranted because she has not demonstrated that the Court's conclusion was based on a "manifest error of fact or law." *See* D. ME. LOC. R. 7(f).

## V. CONCLUSION

The Court DENIES Amy Bailey's Motion for Reconsideration (ECF No. 72).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2022